**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1398**

KINYAM JUDE TEWELIKUM,

        Petitioner,

    v.

LORETTA E. LYNCH, Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  November 24, 2015      Decided:  January 12, 2016

Before NIEMEYER, FLOYD, and HARRIS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Danielle Beach-Oswald, Terese Tadros Ibarra, BEACH-OSWALD IMMIGRATION LAW ASSOCIATES, PC, Washington, D.C., for Petitioner.  Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Ernesto H. Molina, Jr., Assistant Director, Bernard A. Joseph, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kinyam Jude Tewelikum, a native and citizen of Cameroon, petitions for review of an order from the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's (IJ) order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition for review.

To be eligible for asylum, Tewelikum must show that he has a well-founded fear of persecution on account of a protected ground if he returns to Cameroon. Hui Pan v. Holder, 737 F.3d 921, 927 (4th Cir. 2013). Tewelikum may rely on either showing that he was persecuted in the past or that he has a well-founded fear of future persecution independent of any past persecution. Id. If Tewelikum were to establish that he was the victim of past persecution on account of a protected ground, he would be entitled to a rebuttable presumption that he has a well-founded fear of persecution. Djadjou v. Holder, 662 F.3d 265, 272 (4th Cir. 2011). Tewelikum can also show a well-founded fear of persecution if he presents "candid, credible, and sincere testimony demonstrating a genuine fear of persecution," Li v. Gonzales, 405 F.3d 171, 176 (4th Cir. 2005) (internal quotation marks omitted), and specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution, Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir.

2

2006). Tewelikum faces a higher standard of proof to establish that he is entitled to withholding of removal. He must show "a clear probability of persecution on account of a protected ground." Djadjou, 662 F.3d at 272 (internal quotation marks omitted). If Tewelikum fails to meet his burden of proof for asylum, he is also ineligible for withholding of removal. Id.

The Board's adverse credibility finding is reviewed for substantial evidence. Ilunga v. Holder, 777 F.3d 199, 206 (4th Cir. 2015). While we will afford the Board's conclusion substantial deference, there must be specific and cogent reasons for making that finding. Id. An adverse credibility finding should be based on factors such as the plausibility of the applicant's account, the consistency between the applicant's written and oral statements, the internal consistency of each such statement, the consistency of such statements with other evidence of record, or any other relevant factor. 8 U.S.C. § 1158(b)(1)(B)(iii) (2012); Hui Pan, 737 F.3d at 928. A credibility determination may rest on any of these relevant factors, even if such factor does not "go[] to the heart of the applicant's claim." § 1158(b)(1)(B)(iii). "A single testimonial discrepancy, particularly when supported by other facts in the record, may be sufficient to find an applicant incredible in some circumstances." Ilunga, 777 F.3d at 207; see also Djadjou, 662 F.3d at 273-74 (adverse credibility finding

3

may be supported by only a few inconsistencies, omissions, or contradictions). Because the Board issued its own decision and did not adopt the IJ's decision, we review only the Board's decision. Hernandez-Avalos v. Lynch, 784 F.3d 944, 948 (4th Cir. 2015). We have reviewed the record and conclude that substantial evidence supports the Board's finding that there was no clear error with the IJ's adverse credibility finding.

Despite the adverse credibility finding, Tewelikum may establish eligibility for relief through independent evidence. Ilunga, 777 F.3d at 213. Tewelikum may "meet his [] burden by presenting a consistent body of circumstantial evidence." Id. We have reviewed the Board's findings and conclude that substantial evidence supports the finding that Tewelikum's independent evidence was insufficient to establish eligibility for relief. Djadjou, 662 F.3d at 278 ("statements that rely on multiple levels of hearsay can be so highly unreliable by their nature as to justify the agency in refusing to credit them"). As a result, we conclude that substantial evidence supports the denial of asylum and withholding of removal. Finally, we conclude that substantial evidence also supports the finding that Tewelikum was not eligible for protection under the CAT. See 8 C.F.R. § 1208.16(c)(2) (2015).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are

4

adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED